# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>**Antonio Aguilera-Alvarez** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:09CR02954-001JB**<br>USM Number: **19179-079**<br>Defense Attorney: **Ed Bustamante, Appointed** |

THE DEFENDANT:

☒  pleaded guilty to count(s) **Information**
☐  pleaded nolo contendere to count(s)  which was accepted by the court.
☐  after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 07/24/2009 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☐  Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 11, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**January 27, 2011**
Date Signed

Defendant: **Antonio Aguilera-Alvarez**
Case Number: **2:09CR02954-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **57 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence. The Court has considered and reviewed the Presentence Investigation Report ("PSR") and its factual findings with care. There being no objections to the PSR and its factual findings, the Court will adopt those as its own. The Court has considered the factors set forth in 18 U.S.C. § 3553(a). Before any downward departure, Defendant Antonio Aguilera-Alvarez` offense level is 21 and his criminal history category is V, establishing a guideline imprisonment range of 70 to 87 months. Under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which stipulates to an offense level of 20. The Court is satisfied the agreed offense level departs for justifiable reasons, which include the United States Attorney`s adoption of the early disposition program in this district. In Section 401(m)(2)(B) of the PROTECT Act, Congress approved early disposition or fast-track programs. This departure is at the bottom of the range of departures that Congress allowed under Section 401, and the specific reason for the downward departure is that the plea agreement is pursuant to a fast-track program. The Court`s judgment and sentence will therefore be consistent with the plea agreement. An offense level of 20 with a criminal history category of V establishes a guideline imprisonment range of 63 to 78 months. The Court notes that Aguilera-Alvarez reentered the United States after a conviction for an aggravated felony and a subsequent deportation.**

**The Court has carefully considered the guidelines, but in arriving at a sentence, the Court has taken into account not only the guidelines but other sentencing goals as well. Specifically, the Court has considered the guideline sentencing range for the applicable category of offense committed by the applicable category of defendant. The Court believes, after reviewing the circumstances of Aguilera-Alvarez` deportation and the period of time since he served his last sentence, that the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court has considered the kinds of sentences and ranges established by the guidelines, and the Court believes that a variance is appropriate here to take into account the fact that Aguilera-Alvarez was deported back to Juarez, Chihuahua, Mexico and that the situation in Juarez is difficult. The Bureau of Immigrations and Customs Enforcement is no longer deporting people back into Juarez for that reason. The Court believes that a just sentence should reflect that the situation is compelling people to leave Juarez. The Court therefore believes a variance is appropriate. The problem before the Court is that Aguilera-Alvarez` prior sentence was 125 months. The Court therefore does not believe it can or should appropriately vary much from that sentence, or it will undercut some of the factors of 18 U.S.C. § 3553, such as deterrence and respect for the law. The Court, however, believes that an adjustment to an offense level of 19, which establishes a guideline imprisonment range of 57 to 71 months is more appropriate than the guideline range of 63 to 78 months. The Court, having considered the kinds of sentences and ranges that the guidelines establish, will vary slightly to recognize the difficulties of Aguilera-Alvarez` deportation to Juarez. The Court will sentence Aguilera-Alvarez to a sentence of 57 months. The Court believes that a sentence of 57 months reflects the seriousness of the offense and is long enough to promote respect for the law. The Court believes that a sentence of 57 months provides a more just punishment because of Aguilera-Alvarez` difficulty in being deported to Juarez.**

**While the Court is concerned that a sentence of less than 125 months may not afford adequate deterrence specifically to Aguilera-Alvarez, the Court believes the sentence provides general deterrence; most people would not risk reentry at the risk of such a high sentence. The Court also believes that a sentence of 57 months is adequate to protect the public, because none of the crimes that Aguilera-Alvarez has been convicted of involve actual violence, and because he has not been convicted of any crimes this decade. The Court believes that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence is a reasonable sentence. Most importantly, given the parsimony clause, this sentence is sufficient without being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act.**

☒     The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends to the Bureau of Prisons that it follow the same regiment of medication that the Defendant is currently administered at the Torrence County Detention Center unless and until a doctor changes same.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Antonio Aguilera-Alvarez**
Case Number: **2:09CR02954-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Antonio Aguilera-Alvarez**
Case Number: **2:09CR02954-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Antonio Aguilera-Alvarez**
Case Number: **2:09CR02954-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐         The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
|  | **$100.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A       ☒   In full immediately; or
B       ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.